UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| RONALD WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-179 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| JOHN SIMON et al., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been directed to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.      Factual Allegations

Plaintiff Ronald Washington presently is incarcerated at the Riverside Correctional Facility. In his *pro se* complaint, he sues the Carson City Correctional Facility and Business Manager John Simon.

In October 2001, Plaintiff filed a civil rights action in this Court. *See Washington v. McGinnis et al.*, 1:01-cv-705 (W.D. Mich.). The Court issued an order on November 5, 2001, granting Plaintiff leave to proceed *in forma pauperis* (docket #6). The order required Plaintiff to pay the initial partial filing fee of $9.54 within thirty days. Plaintiff claims that he filled out a disbursement authorization on November 15, 2001, and submitted it to Resident Unit Manager Tabor along with the Court's order requiring payment of the initial partial filing fee. On November 20, 2001, the disbursement was returned to Plaintiff with the notation of "insufficient funds," an entry apparently made by Defendant Simon. Plaintiff contends that his account statement indicated that he had an actual account balance of $77.77 and a current spendable balance of $20.25. Plaintiff immediately notified RUM Tabor of the error. Tabor unsuccessfully attempted to resolve the problem with Simon. On December 20, 2001, the Court dismissed Plaintiff's action without prejudice for failure to pay the initial fee.

Plaintiff did not file a grievance concerning the issue until September 17, 2004, asserting that Simon denied him access to the courts by failing to disburse the initial partial filing fee from Plaintiff's prison account (Grievance No. DRF 0409 1465 01B). Plaintiff asserts that the statement of his prisoner account reveals that he should have had more than ample funds in his account to pay the fee. The Step I grievance response, issued October 5, 2004, indicated that, upon

review of the prisoner statement, insufficient funds were in the account and the disbursement was denied automatically by the inmate accounting system. Plaintiff appealed to Step II, which denied the grievance on the same grounds on November 3, 2004. Plaintiff appealed to Step III, though he has never received a response to his third-step grievance.

On December 20, 2004, while his Step III grievance was still pending, Plaintiff filed an action in the Eastern District of Michigan, which was subsequently transferred to this Court. This Court dismissed the action for failure to exhaust available administrative remedies because Plaintiff filed his case before receiving a response to the grievance appeal or the expiration of the 90-period for completion of the grievance process. *See Washington v. Simon*, No. 1:05-cv-5 (W.D. Mich. Jan. 27, 2005) (citing Policy Directive 03.02.130, ¶ T (effective 4/28/03) (the total grievance process from the point of filing a Step I grievance to providing a Step III response must be completed within 90 days unless a fifteen day extension has been requested)).

Plaintiff has now returned to the Court after expiration of the 90-day period for completion of the grievance process. Plaintiff claims that Defendant Simon acted with gross negligence in failing to disburse the necessary funds, arguably in violation of Plaintiff's rights to due process and access to the courts. He seeks damages of $5,000.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to allege that Defendant Simon engaged in unconstitutional conduct. On the face of the complaint, Plaintiff's factual allegations suggest that Defendant acted with negligence only. "[P]rocedural due process prohibits arbitrary and unfair deprivations of protected life, liberty, or property interests without procedural safeguards." *Howard v. Grinage*, 82 F.3d 1343, 1349-50 (6th Cir. 1996) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). A claim of negligence is insufficient to support a § 1983 claim. *Daniels*, 474 U.S. at 333-36. Instead, to state a procedural due process claim, a plaintiff must allege a constitutionally arbitrary deprivation. *Id.*; *Howard*, 82 F.3d at 1350 ("'[A]rbitrary in the constitutional sense' for procedural due process purposes means conduct undertaken with something more than negligence."). To state a claim based on the deprivation of procedural due process, the "conduct must be grossly negligent, deliberately indifferent, or intentional." *Howard*, 82 F.3d at 1350.

Although Plaintiff claims that Defendants's actions were grossly negligent, he recites no allegations indicating the sort of arbitrary deprivation that would implicate due process. "The mere allegation of gross negligence – or the use in the pleadings of any other 'vituperative epithet,' for that matter – will avail the plaintiff nothing . . . if the facts alleged are not sufficient to make out a constitutional violation." *Llewellen v. Metropolitan Gov't of Nashville and Davidson County*, 34 F.3d 345, 349 (6th Cir. 1994); *see also Jones v. Sherrill*, 827 F.2d 1102, 1106 (6th Cir. 1987) ("Negligence does not become 'gross' just by saying so."). Instead, "[t]he facts alleged in support

of the legal conclusion of gross negligence must be sufficient to charge government officials with outrageous conduct or arbitrary use of government power." *Id.* Here, Plaintiff alleges no more than that Simon mistakenly concluded that Plaintiff had inadequate resources in his prison account on a particular date. Such allegations state a claim for negligence only. As a consequence, the Plaintiff fails to state a procedural due process claim based on the misstatement of his prisoner trust account.

Similarly, negligence does not suffice to state an access-to-the-courts violation under § 1983. *Collins v. City of Harker Heights*, 503 U.S. 115, 127-30 (1992); *Harrell v. Cook*, 169 F.3d 428, 431-32 (7th Cir.1999). In order to establish a denial of access to the courts under § 1983, a prisoner must prove that the violation was intentional, not merely negligent. *Pink v. Lester*, 52 F.3d 73, 76-77 (4th Cir.1995); *Kincaid v. Vail*, 969 F.2d 594, 601-02 (7th Cir.1992). The Sixth Circuit has indicated, in dicta, that the foregoing is the appropriate standard. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir.1990). As previously discussed, Plaintiff's allegations sound solely in negligence. He therefore fails to state an access-to-the-courts claim.

   III.   Defendant Carson City Correctional Facility (DRF)

An express requirement of 42 U.S.C. § 1983 is that the defendant be a "person." *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). Defendant DRF is an administrative unit of the Michigan Department of Corrections. Neither a prison nor a state corrections department is a "person" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Furthermore, Plaintiff's claim against this Defendant is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). That amendment prohibits suits in federal court against the state or any of its agencies or departments. *Pennhurst State School & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984). A state's Eleventh Amendment immunity is in the nature of a jurisdictional

defense and may be raised on the court's own motion. *Estate of Ritter v. University of Michigan*, 851 F.2d 846, 851 (6th Cir. 1988). The Supreme Court squarely has held that the Eleventh Amendment bars federal suits against state departments of corrections. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam). Defendant DRF therefore is not subject to a § 1983 action.

### IV.    Pending motions

Plaintiff has filed a motion to appoint counsel. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. District Court*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. Because Plaintiff fails to state a claim on which relief can be granted and the action is dismissed, Plaintiff's request for appointment of counsel (docket #3) is DENIED.

Plaintiff also has moved to disqualify the undersigned on the grounds that, in dismissing Plaintiff's October 2001 civil rights action for failure to pay the initial partial filing fee, the Court required Plaintiff to pay the full filing fee in installments, notwithstanding the fact that he had been denied review of the merits. Plaintiff contends that he was not responsible for John

Simon's failure to release the funds and that this Court demonstrated bias in failing to grant relief from judgment on February 26, 2002.

Plaintiff's motion to disqualify has no basis in fact or in law. Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Plaintiff cites no evidence of an extra-judicial source of bias in this Court's February 26, 2001, ruling. Instead he relies on the simple fact that he disagrees with the Court's result. In *Liteky v. United States*, 510 U.S. 540 (1994), the Supreme Court held that a bias that "springs from the facts adduced or the events occurring at trial" can be sufficient to support a finding of bias only if "it is so extreme as to display clear inability to render fair judgment." *Id.* at 551. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). They can "[o]nly in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.* The Court recognized that, "[a]lmost invariably, [judicial rulings] are proper grounds for appeal, not for recusal." *Id.*

Here, Plaintiff can point to no factual basis for his assertion of bias, either within the record or without it. This Court properly concluded that Plaintiff had failed to follow the Court's order for payment and had made no effort to apprise the Court of any difficulty until after the case had been dismissed, well beyond the deadline for payment set by the Court. Further, the Court properly held Plaintiff liable for the entire civil action filing fee, even after dismissal. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1991). If Plaintiff believed the Court had erred in its determination, the proper remedy would have been an appeal of that decision, not disqualification from further proceedings. *See Liteky*, 510 U.S. at 555.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: June 1, 2005                             /s/ Gordon J. Quist
                                         GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE